IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

C.S., individually, et al.,   )
                              )
            Plaintiffs,       )
                              )
     v.                       )    No.  10 C 7395
                              )
VILLAGE OF ARLINGTON HEIGHTS, )
ILLINOIS,                     )
                              )
            Defendant.        )

                        MEMORANDUM ORDER

    Village of Arlington Heights ("Arlington Heights") has filed what its able counsel characterizes as its Answer to the Complaint in this action.  This Court sua sponte strikes that response and sends counsel back to the drawing board to submit a more appropriate response.

    This Court of course recognizes that the Complaint to which Arlington Heights has responded cannot fairly be characterized as "a short and plain statement of the claim showing that the pleader is entitled to relief," as Fed. R. Civ. P. ("Rule") 8(a)(2) characterizes the requirement imposed on a plaintiff. That does not however justify the Answer's major departure from Rule 8(b)'s statement of the obligation of a responding party by submitting instead what amounts to a legal brief or memorandum of the type that has been tendered to this Court.  Indeed, the assertion in Affirmative Defense E to each count of the Complaint that its allegations "contain nothing but conclusions" is ironic

indeed in light of the nature of a good deal of the Answer.[1]

It is not this Court's responsibility to provide chapter and verse as to the nature of the required rewrite--that is really counsel's responsibility. Suffice it to say that a straightforward compliance with Rule 8(b), coupled with such appropriate affirmative defenses (see App'x ¶5 to State Farm) that Arlington Heights wishes to advance, will do the job.

As stated at the outset, the present Answer is stricken. Arlington Heights is ordered to provide an appropriate Amended Answer on or before January 3, 2011.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 17, 2010

---

[1] As a parenthetical minor criticism, the Answer's several demands for "strict proof" are really meaningless and should be abandoned--see App'x ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).