```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

C.S., individually, et al.,      )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )    No.  10 C 7395
                                 )
VILLAGE OF ARLINGTON HEIGHTS,    )
ILLINOIS,                        )
                                 )
          Defendant.             )

                    MEMORANDUM OPINION AND ORDER

Motions to strike pleadings seldom advance the ball much in federal litigation, though there are to be sure some exceptions. And the "seldom advance the ball" characterization is particularly true as to affirmative defenses ("ADs"), as to which such motions most frequently target ADs that are out of synch with the principles underlying Fed. R. Civ. P. ("Rule") 8(c) and the caselaw applying it--see the discussion in App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

In this instance counsel for plaintiffs has moved to strike ADs B, C and D to Complaint Count 1, as included in the Amended Answer filed by the Village of Arlington Heights ("Village"). Because Village's counsel has withdrawn AD B, rendering that portion of the motion moot, this opinion pauses only to make a point on which neither side has focused: Both AD B and AD A (which was not a subject of the motion to strike) are really the equivalent of Rule 12(b)(6) motions, challenging the legal

sufficiency of the Complaint. If Village seeks to do that, it ought to be handled in the normal fashion of filing an independent motion supported by a memorandum, so that the issue can be countered by plaintiffs' counsel and thus set up for decision by this Court.

This should not be misunderstood as criticizing Village's counsel for having raised the issues, for any claimed legal insufficiency of the Complaint ought to be addressed early on. It is rather that doing so by a purported AD, though it may serve the purpose of notice pleading, does not flesh the issues out sufficiently.

To turn to AD C, it fits the Rule 8(c) concept of accepting the Complaint's allegations as true but advancing an additional matter that assertedly avoids liability on Village's part. That being the case, AD C will remain. As and when the facts are developed so that the legal issue can be resolved, an appropriate motion under the auspices of Rule 16 can be brought for resolution (there are some obvious drawbacks involved in considering the invocation of Rule 56 for that purpose).

What has just been said as to AD C also applies to AD D. Village's defense there is one asserting a statute of limitations, one of the specific items included in the Rule 8(c) laundry list of ADs. And to the extent that the applicability of the asserted statute poses a legal issue, as it clearly appears

2

to do, again a motion under Rule 16 can be the vehicle for resolving the issue.

## Conclusion

For the reasons stated here, AD B has been withdrawn and the motion to strike AD C and D is denied. This Court will entertain the issues posed by those ADs as and when appropriate.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 26, 2011